IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.   12-cr-102-~~RBJ~~ WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  ADRIAN MOYA,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through John F. Walsh, United States Attorney for the District of Colorado, and Richard A. Hosley, Assistant United States Attorney, and the defendant, Adrian Moya, personally and by counsel, Boston Stanton, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.  The parties enter into this agreement pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

        I.    **AGREEMENT**

    A.    *Defendant's Obligatons:*

The defendant agrees to plead guilty to Count 3 of the Superseding Indictment, charging the defendant with a violation of 18 U.S.C. § 13 and C.R.S. § 18-9-116.5, eluding a peace officer.  The defendant further agrees to pay restitution for damaged property and to waive his appellate rights as set forth in detail below.


Court Exhibit I

### B.     Government's Obligations:

In exchange for the defendant's plea of guilty, agreement to pay restitution and waiver of appellate rights, the United States agrees to: (1) recommend the Court give the defendant full credit for acceptance of responsibility per USSG § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing; and (2) move to dismiss Counts 1 and 2 of the Superseding Indictment.

Both parties reserve the right to request any reasonable sentence within the authorized statutory penalties for the count of conviction.  The defendant understands that the parties' sentencing recommendations are not binding and the Court will make the ultimate decision as to the sentence to be imposed in this case.  This could mean a sentence of up to 36 months imprisonment - the statutory maximum.  The defendant acknowledges and understands that if this agreement is accepted by the Court and Counts 1 and 2 are dismissed, he will not have an automatic right to withdraw his plea simply because the Court does not accept or follow his sentencing recommendation. See Fed. R. Crim. P. 11(c)(3)(B), (d)(2).

### C.     Dismissal of Counts:

The government agrees to dismiss with prejudice Counts 1 and 2 of the indictment upon the Court's acceptance of this plea agreement and its announcement of a sentence.  The defendant understands that even though Counts 1 and 2 are to be dismissed, the criminal conduct underlying those counts may still be considered by the

Court for Guidelines calculations and sentencing purposes. See U.S.S.G. § 1B1.3 and 18 U.S.C. § 3661.

### D.   Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the offense level is greater than that calculated by the parties below and imposes a sentence based upon that higher offense level determination. Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals

the sentence imposed by the Court, the defendant is released from this waiver provision.

### E. *Effect of Withdrawal from Plea Agreement:*

The parties stipulate and agree that if the defendant moves to withdraw his guilty plea, entered pursuant to and receiving the benefits of this agreement, and successfully withdraws his plea, either in the district court or on appeal, this agreement will become null and void. If the defendant, at any time after judgment is entered, obtains dismissal, reversal or remand of the count of conviction for any reason, then this agreement will be null and void. If the defendant acts inconsistent with his forfeiture agreement, as detailed above, then the plea agreement becomes null and void. If the plea agreement becomes null and void for any reason, then by this agreement of the parties, the defendant expressly waives any and all claims or rights to have this agreement enforced. In such event, the defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act, or any other potential restriction on the re-institution of counts dismissed, or institution of counts surrendered, as part of the consideration given by the government in this agreement.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of the offense to which the defendant is entering a plea of guilty are as follows:

*First*: On or about the date charged, the defendant was operating a motor vehicle;

*Second*: the defendant knowingly eluded or attempted to elude a peace officer who was also operating a motor vehicle;

*Third*: the defendant knew or reasonably should have known that he was being pursued by a peace officer;

*Fourth*: The defendant operated his motor vehicle in a reckless manner; and

*Fifth*: The crime occurred in the special maritime and territorial jurisdiction of the United States.

### III. **STATUTORY PENALTIES**

The Assimilative Crimes Act requires courts to impose sentences for assimilative crimes that fall within the maximum and minimum terms established by state law. See *U.S. v. Garcia*, 893 F.2d 250 (10th Cir. 1989). However, within the range of discretion a state court judge would have, federal judges should apply the U.S. Sentencing Guidelines to the extent possible. *Id*. Pursuant to state law, the statutory penalty for eluding in violation of C.R.S. § 18-9-116.5 is a presumptive minimum of one year of imprisonment and a maximum of three years of imprisonment, although the court instead may sentence the defendant to probation pursuant to C.R.S. § 18-1.3-201. State law mandates a period of parole of two years. As this case involves a Class E felony, the other applicable maximum penalties are three years of supervised release, a $250,000 fine, and a $100 special assessment.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:

The defendant was involved in a hit and run in Aurora, Colorado on January 18, 2012. While looking for the defendant, an officer with the Aurora Police Department saw the defendant driving in a field. The defendant drove his car back onto the road and turned towards the entry of Buckley Air Force Base. Two Aurora Police Department patrol cars activated their lights and sirens and pursued the defendant. When he reached the barriers at the entry to Buckley Air Force Base, the defendant drove up onto the curb, around the security barriers, and passed the guard booth without stopping. Aurora Police officers in two marked patrol cars continued to follow the defendant onto the base. Federal and contract security officers joined the pursuit of the defendant and assisted in attempts to stop him. During the pursuit, the defendant drove a long distance on the base, exceeded the speed limit, maneuvered around stop strips, and avoided dead ends by leaving the roadway and changing directions.

In an effort to stop the defendant, officers closed the base gates. As he neared a closed gate, the defendant did not stop. Instead, he turned around. In the process, the defendant struck the end of the pick up truck of an officer who had parked in the middle of the lane to stop the defendant. The officer was sitting in the truck. The defendant caused damage to the truck.

The defendant continued to elude the multiple officers pursuing him. After the defendant passed through the housing area of the base, a federal officer parked her vehicle to block a lane of the road. She got out of her vehicle. When he approached the officer's parked vehicle, the defendant jumped the median and drove toward the officer, who pulled her weapon in fear for her life when the defendant came within

approximately ten feet of her. The defendant turned his car away from the officer and continued on.

The defendant continued to flee from officers pursuing him. He drove another substantial distance and, when he reached the same blocked road he had encountered earlier, the defendant again turned. The defendant ultimately lost control of his car, leaving the road, becoming air born, and damaging a fence along the roadway. Officers then arrested the defendant, who had been drinking.

VI. **AGREEMENTS OF THE PARTIES REGARDING THE GUIDELINE RANGE**

The parties understand that the United States Sentencing Guidelines are only advisory, but represent the starting point and benchmark for sentencing. *Gall v. United States,* 128 S.Ct. 586 (2007). But the Guidelines are only one factor that must be considered and the Court must impose a sentence that is sufficient, but not greater than necessary, to achieve the statutory sentencing goals and factors set forth in 18 U.S.C.§ 3553.

Recognizing this starting point in the formulation of an appropriate sentence, the parties hereby provide this estimation of the applicable sentencing guideline calculation in this case. Any estimation by the parties regarding the guideline calculation does not preclude either party from asking the Court to depart or vary from the otherwise appropriate guideline range at sentencing, unless otherwise prohibited by this plea agreement, if that party believes that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the sentencing guidelines. (§ 5K2.0).

The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed and that the Court is not bound by any position of the parties. (§ 6B1.4(d)). The Court is free, pursuant to §§ 6B1.3 and 6B1.4(d), to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information. (§ 6B1.4 Comm.; § 1B1.4). To the extent the parties disagree about the sentencing factors, the computations below identify the factors that are in dispute. (§ 6B1.4(b)).

U.S.S.G. § 1B1.11 states that, generally, "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." Therefore, the 2011 Guidelines Manual is applicable to this case:

A. The base guideline is §2A2.4, with a base offense level of **10**.

B. The following specific offense characteristics apply:

(1) Use of a dangerous weapon: **+ 3** (§2A2.4(b)(1)(B);

(2) Reckless endangerment during flight: **+ 2** (§3C1.2).

C. There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

D. The adjusted offense level therefore would be **15**.

E. The defendant should receive a **2-level** adjustment for acceptance of responsibility under § 3E1.1. The resulting offense level therefore would be **13**.

F. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the

defendant's prior convictions. Based on information currently available to the parties, the parties estimate that the defendant is a **Criminal History Category V**, but will defer to the Criminal History Category calculation of the Court.

  G. Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

  H. <u>Imprisonment</u>: The advisory guideline imprisonment range resulting from the estimated offense level and criminal history category above is **30-37** months. However, in order to be as accurate as possible, with the criminal history undetermined at this time, the estimated offense level could conceivably result in a guideline range from 12 months (bottom of Category I) to 41 months (top of Category VI).

In any case, C.R.S. § 18-1.3-401 provides a maximum sentence of 3 years, or 36 months. Therefore, regardless of the guideline range, the sentence of imprisonment is limited to 36 months, the statutory maximum.

  I. <u>Fine</u>: Pursuant to guideline § 5E1.2, assuming the estimated offense level of 13, the fine range for this offense would be **$3,000 - $30,000**, plus applicable interest and penalties.

  J. <u>Supervised Release</u>: The guideline range of supervised release for a Class E felony under § 5D1.2 is **one year**.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government

nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 11-14-12                    _____
                                  Adrian Moya
                                  Defendant

Date: 11-14-12                    _____
                                  Boston Stanton
                                  Attorney for Defendant

Date: 11-14-12                    _____
                                  Richard A. Hosley
                                  Assistant U.S. Attorney